IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 6, 2011

**STATE OF TENNESSEE v. L.V. WILLIAMSON**

**Direct Appeal from the Circuit Court for Madison County**
**No. 10-54     Roger A. Page, Judge**

**No. W2011-00892-CCA-R3-CD  - Filed February 29, 2012**

The defendant, L.V. Williamson, appeals the judgment of the trial court revoking his
probation and ordering that he serve the balance of his sentence in confinement, arguing that
his youth and candor before the court should have resulted in less than the full revocation of
his probation.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and
JEFFREY S. BIVINS, JJ., joined.

Paul E. Meyers, Assistant Public Defender, for the appellant, L.V. Williamson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney
General; James G. (Jerry) Woodall, District Attorney General; and James W. Thompson,
Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On April 23, 2010, the defendant pled guilty in the Madison County Circuit Court to
possession of less than .5 grams of cocaine with the intent to sell, a Class B felony, and
possession of a weapon with the intent to go armed, a Class C misdemeanor.  Pursuant to his
plea agreement, he was sentenced to an effective term of ten years in the Department of
Correction, which was suspended to intensive supervised probation following service of eight
months.

On February 3, 2011, a probation violation warrant was filed on the defendant alleging that he had violated the terms of his probation by his January 27, 2011 arrest for driving on a suspended/revoked/cancelled license, improper lights, and failure to provide proof of insurance; for not reporting his arrest to his probation officer; for failing to pay court costs and fines; and for committing various curfew violations.

At the March 11, 2011 revocation hearing, the nineteen-year-old defendant admitted not only the above violations but also having checked "no" on his February 2, 2011 probation reporting form to the question, "Were you arrested or questioned by the police since you last reported?" He said he had violated his curfew on the date that he was arrested on the traffic violations because he had to purchase diapers for his two-year-old daughter. He had not informed his probation officer about the arrest because he had been hoping to have his supervision transferred "[b]ack to Memphis." The defendant indicated that he now understood that being untruthful with his probation officer would only hurt his case and promised that, if returned to probation, he would stay out of trouble in the future.

On cross-examination, the defendant acknowledged that he previously had been revoked from a community corrections sentence based on his felony drug charges in the instant case.

Shaquita Deberry testified that the defendant had been raised by her mother and, consequently, was like a brother to her. She expressed her belief that his failure to inform his probation officer of his new arrest was due to his youth and fear of getting into trouble. She said that she was not attempting to excuse his behavior but was requesting that he be given a second chance due to his youth. If so, she intended to help him find a job and enter a rehabilitation program, and she hoped to have him start attending church with her.

At the conclusion of the hearing, the trial court, while noting the defendant's youth, also observed that he had "shown himself not to be a good candidate to be on alternative sentencing not once but twice." Consequently, the court revoked the defendant's probation and ordered that he serve the balance of his ten-year sentence in confinement. This appeal followed.

## ANALYSIS

The defendant argues on appeal that his extreme youth, expressions of remorse, and candor before the court in admitting his probation violations should have resulted in something less than the full revocation of his probation. The State argues that the trial court did not err in exercising its discretion to find that a full revocation was warranted in the case. We agree with the State.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2010). The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

Tennessee Code Annotated section 40-35-311(e)(1)(A) provides in pertinent part that, upon finding that the defendant has violated the conditions of his probation and suspension of sentence by a preponderance of the evidence, "the trial judge shall have the right . . . to revoke the probation and suspension of sentence, and . . . [c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310[.]"

We conclude that the trial court did not abuse its discretion in revoking the defendant's probation and ordering that he serve the balance of his sentence in confinement. As the trial court noted, the defendant had already been revoked from a previous sentence involving release into the community in an earlier case. Moreover, he committed more than one violation of his probation in the instant case, having not only been arrested on new charges but also failing to comply with his curfew, not making required payments, and not informing his probation officer of his new arrest. As such, we affirm the judgment of the trial court.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the order of the trial court revoking the defendant's probation and ordering that he serve the balance of his sentence in confinement.

_____
ALAN E. GLENN, JUDGE